[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 19, 1995 Date of Application May 3, 1995 Date Application Filed May 9, 1995 Date of Decision November 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. 94-455699;
Louis Martocchio, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney for the State. CT Page 14207Sentence Affirmed.
BY THE DIVISION:
Following a jury trial the then 19 year old petitioner was convicted of Sexual Assault, 1st degree (§ 53a-70(a)(1); Unlawful Restraint, 1st degree (§ 53a-95); Criminal Trespass, 1st degree (§ 53a-107(a)(1); Threatening (§ 53a-62(a)(1) and Reckless Endangerment, 1st degree (§ 53a-63(a).
He was sentenced to 15 years, execution suspended after 9 years, probation for 5 years for the Sexual Assault Count, a concurrent term of 3 years on the Unlawful Restraint and sentences of 1 year on the remaining counts, all concurrent, for a total effective sentence of 15 years execution suspended after 9 years.
The victim testified that the petitioner, her ex boyfriend, forced her into the trunk of his car, drove her around for a period of time, ultimately going to his apartment, that there he raped her at knife point. In his comments to the Division the petitioner denies forcing her into the car and denies using a knife, however, the jury did find the elements of the crimes for which he was convicted to have been proven.
Counsel argues that the sentencing court commented on the "kidnapping" while the petitioner was found not guilty of that count; therefore, he opines the sentence was overly severe as it was based on a crime which was not proven.
Under the facts and circumstances of this case the sentence imposed for the crimes for which he was convicted is fair and reasonable.
The victim stated the petitioner harassed her for about one year before this heinous crime. She obtained restraining orders yet he stalked her placing her in justifiable fear for her safety. He was sentenced to a two year term for stalking and violation of probation shortly before being sentenced in this CT Page 14208 case.
The petitioner was obsessed with the victim and that culminated in the brutalizing rape and related crimes. The one count of sexual assault alone justifies the sentence imposed.
The sentence was neither unreasonable nor disproportionate. It comports with the purposes for which a sentence is intended. (Practice Book § 942)
Accordingly, it is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.